Marc P. Rideout
3402 Hawthorne Drive
Flint, MI 48503
May 24, 2012

The Honorable Judge David D. Dowd, Jr.
United States District Court
Northern District of Ohio
United States Courthouse
2 Main Street
Akron, OH 44308

Dear Judge Dowd:

Greetings and I hope that this letter finds you in good health. My mother recently celebrated her 97th birthday in March and I see no reason why she might not make it to 100! She likes to tell her friends about my cooking skills, but frankly I'm not all that great, just making sure her diet is diverse and she eats regularly.

I am doing well and continuing to build my business. During 2011 I secured a rather large project in Ohio which resulted in a financially successful year. I'm also continuing to volunteer services for my local Catholic Charities as their HR Director, participating in ongoing therapy for myself, and attending AA and Al Anon on a regular basis. I have a current client in Midland, Michigan that is discussing possibly having me join their staff which is a very interesting prospect. Things are going well for me, and I have made great strides from where I was.

You may recall that I mentioned in my Christmas card that I was recently remarried. That brings me to the purpose of this letter. On January 4, 2012 I was married to a beautiful and caring woman, Rosemarie Semilla. She is a Filipino citizen who lives in the Philippine Islands. She is the praise and worship leader for her local church. We met through an online forum almost 2 years ago. We were married in a civil ceremony in the Philippines. I visited there on 3 previous occasions to meet her family and friends before we decided to marry. We are both very happy with the marriage, and we like to say we had a "successful" honeymoon because my wife is expecting a child in October. This is something that we both discussed before marriage, and we agreed that putting God as #1 in our lives meant that if a child was part of His plan, it would be so. So we are both thrilled about the baby coming to our lives later this year.

I have started the process to apply for her to immigrate to the US as my wife so we can be together as a family. However, I learned that I am prohibited by the Adam Walsh Act from making application for her spouse visa until I receive an administrative ruling from the Department of Homeland Security that I have been fully rehabilitated and pose no threat to her well being. This is an administrative proceeding; the statute requires that I prove this beyond a reasonable doubt. Furthermore, the statute explicitly provides for no judicial review of this matter. The DHS decision is final.

I have enclosed the internal USCIS Interoffice Memorandum which clearly defines the process and the standards of review should you find them useful. The relevant portions can be found beginning on Page 5, item D. "Determining Poses No Risk to Beneficiary". (Should it be helpful, my case number was 5:04 CR 498 in your court.)

Your words to me, and experience with me in your courtroom and during the time since my case have been important to me. I know you felt that I made a terribly stupid set of decisions, and accepted the consequences of those choices. More than anyone else, you understood what the circumstances were at the time I stood in front of you and who I truly am.

You are fully aware of all that transpired in my case, my personal background, and the efforts that I made from the beginning of my case and which are continuing to this day to remain healthy and fully integrate back into society. You know the shame and embarrassment I have been through, and you know that I now live a positive and Christian lifestyle. For these reasons, I am respectfully asking if you would be willing to provide a letter of support on my behalf which could be included in my package of materials being submitted to the administrative adjudicator.

My wife and I wish only to move forward with our lives together here in the US. We want to live a normal life as a family. This cannot happen unless I receive a favorable determination regarding an Adam Walsh Waiver. My mother is supportive of my remarriage, as is my therapist and my religious advisers. My youngest daughter Ashley is presently distressed about my remarriage; my oldest daughter Kimberly is supportive. There are still hurt feelings with Ashley which are in need of repair, as you and I have discussed.

My wife, Rosemarie, is forgiving and understood that I made a one-time mistake in my life. She knows that this past aberrant behavior is not who I truly am. She is fully aware of my background and the circumstances of my incarceration. I fully disclosed my case facts to her and her family before we even thought of marriage. They support our marriage and are happy for our liaison.

If you would like to meet with me to discuss this matter in person, or wish me to provide any supporting documentation or materials please know that I am available to take whatever steps you may request. I am currently obtaining supporting letters from clergy, business leaders, and my therapist. I would gladly provide these letters to you so you can see what others are saying about me, if it would be helpful.

I have retained counsel in Michigan with Attorney Lisa Tehlirian of Ellis Porter in Troy, Michigan. Lisa formerly worked for the US Immigration Service and is quite familiar with their requirements. She is assisting in preparation of my package of materials. She would, of course, be available to answer any questions you might have. Her phone is 248-519-9900.

I have just returned from the Philippines where Rosemarie and I spent three weeks getting our documentation together from her family, friends, and pastor. Now I have to prepare the American side of the supporting materials. This was my 5th trip; I'll be back in September/October for the baby's birth.

I understand that this is a highly unusual request, but to the extent that your words can convey to the adjudicator beyond a reasonable doubt that I am fully rehabilitated, and pose no risk to my wife, it will likely make a significant impact in my presentation of a rationale for approval of the waiver.

Thank you in advance for your consideration.

Very truly yours,

Marc P. Rideout



**U.S. Citizenship
and Immigration
Services**

HQDOMO 70/1-P

# Interoffice Memorandum

To:     Regional Directors
        District Directors, including Overseas District Directors
        Service Center Directors
        National Benefits Center Director
        Associate Director, National Security and Records Verification

From:   Michael Aytes /s/
        Associate Director, Domestic Operations

Date:   February 8, 2007

Re:     Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien
        Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006

## 1. Purpose

On July 27, 2006, the President signed the Adam Walsh Child Protection and Safety Act
of 2006, (Adam Walsh Act), Pub. L. 109-248. Title IV of the Adam Walsh Act, "Immigration
Law Reforms to Prevent Sex Offenders from Abusing Children" contains two provisions that
amend the Immigration and Nationality Act (Act). This memorandum provides guidance to U.S.
Citizenship and Immigration Services (USCIS) field offices regarding the amendments made by
the Adam Walsh Act to sections 204(a)(1)(A)(i), 204(a)(1)(B)(i), 101(a)(15)(K), and
237(a)(2)(A) of the Act.

## 2. Background

Section 402(a) of the Adam Walsh Act amends sections 204(a)(1)(A)(i) and
204(a)(1)(B)(i) of the Act to prohibit U.S. citizens and lawful permanent residents who have
been convicted of any "specified offense against a minor" from filing a family-based immigrant
petition on behalf of any beneficiary, unless the Secretary of Homeland Security (Secretary)
determines, in his sole and unreviewable discretion, that the petitioner poses no risk to the
beneficiary. Section 402(b) of the Adam Walsh Act amends section 101(a)(15)(K) of the Act to
bar U.S. citizens convicted of these offenses from filing nonimmigrant visa petitions to classify
their fiancé(e)s, spouses, or minor children as eligible for "K" nonimmigrant status, unless the

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 2

Secretary determines, in his sole and unreviewable discretion, that the petitioner poses no risk to the beneficiary.

A petitioner who has been convicted of a specified offense against a minor is not simply prohibited from filing on behalf of a minor child. The petitioner is prohibited from filing on behalf of "any" family-based beneficiary under sections 204(a)(1)(A)(i) and 204(a)(1)(B)(i) of the Act or in accordance with section 101(a)(15)(K) of the Act. "Any beneficiary" includes a spouse, a fiancé(e), a parent, an unmarried child, an unmarried son or daughter over 21 years of age, an orphan, a married son or daughter, a brother or sister, and any derivative beneficiary permitted to apply for an immigrant visa on the basis of his or her relationship to the principal beneficiary of a family-based petition.

The term "specified offense against a minor" means an offense against a minor (defined as an individual who has not attained the age of 18 years) that involves any of the following:

> (A) An offense (unless committed by a parent or guardian) involving kidnapping;
> (B) An offense (unless committed by a parent or guardian) involving false imprisonment;
> (C) Solicitation to engage in sexual conduct;
> (D) Use in a sexual performance;
> (E) Solicitation to practice prostitution;
> (F) Video voyeurism as described in section 1801 of Title 18, United States Code;
> (G) Possession, production, or distribution of child pornography;
> (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct; or
> (I) Any conduct that by its nature is a sex offense against a minor.

Section 401 of the Adam Walsh Act amends section 237(a)(2)(A) of the INA by adding a new subparagraph (v). Under new section 237(a)(2)(A)(v), an alien who is convicted under new 18 USC 2250, for failing to register as a sex offender, is subject to removal as a deportable alien.

### 3. Field Guidance

USCIS field offices are directed to comply with the following additional instructions and procedures.

#### A. Applicability of the Adam Walsh Act

Title IV of the Adam Walsh Act does not include a specific effective date. For this reason, it entered into force on July 27, 2006, the date of enactment. In general, an application

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 3

for benefits under the Act is adjudicated according to the facts and law as they exist on the date of decision.[1]

### B. Revocation of Approved Petitions

If, at any time prior to adjustment of status or consular processing, USCIS becomes aware that the petitioner has a conviction for a specified offense against a minor, steps may be taken to revoke the approved family-based immigrant visa petition or reopen and reconsider the I-129F. For immigrant visa petitions that have already been approved, section 205 of the Act provides discretion to revoke approval for "good and sufficient cause." For a case in which a Form I-130 has been approved, revocation of the approval under 8 CFR 205.2 would be appropriate, if the petitioner has been convicted of a specified offense against a minor and the adjudicator finds that the petitioner poses any risk to the beneficiary. Therefore, an IBIS check on the petitioner of the family-based immigrant petition must be valid at the time the beneficiary adjusts status. If the IBIS check on the petitioner is not valid at the time of adjustment, IBIS must be re-run and any resulting hits treated in accordance with current IBIS procedures. For Forms I-129F, 8 CFR 103.5(a)(5)(ii) provides authority to reopen and reconsider the decision on the petition. Thus, in a case in which a Form I-129F has been approved, it would be appropriate to reopen the case and deny it if the petitioner has been convicted of a specified offense against a minor and the adjudicator finds that the petitioner poses any risk to the beneficiary.

### C. Determining "Specified Offense Against a Minor"

The statutory list of criminal activity in the Adam Walsh Act that may be considered a specified offense against a minor is stated in relatively broad terms and takes into account that these offenses may be named differently in a wide variety of Federal, State and foreign criminal statutes. With one exception, the statutory list is not composed of specific statutory violations. As defined in the relevant criminal statute, for a conviction to be deemed a specified offense against a minor, the essential elements of the crime for which the petitioner was convicted must be substantially similar to an offense defined as such in the Adam Walsh Act.

The following procedures will assist the adjudicator in determining whether a petitioner has been convicted of a specified offense against a minor.

### 1) Operational Procedures

On July 28, 2006, USCIS field offices were directed to issue a Request for Evidence (RFE) for all police arrest records and court disposition documents and schedule the petitioner for fingerprints if the petitioner's IBIS check revealed a hit for any offense that is or potentially may be a "specified offense against a minor" as defined above. If there is an IBIS hit or some other indication that a lawful permanent resident petitioner may have a conviction for a specified

---

[1] See *Matter of Alarcon*, 20 I&N Dec. 557 (BIA 1992).

offense against a minor as defined in the Adam Walsh Act, the case must be handled in accordance with current IBIS procedures as it relates to an "egregious public safety threat."[2] If the offense meets the definition of an egregious public safety threat, adjudication of the petition must be suspended and an appropriate referral to U.S. Immigration and Customs Enforcement (ICE) must be completed in accordance with current "egregious public safety threat" procedures.

Otherwise, if the petition has already been approved or is currently being adjudicated and there is an IBIS hit or some other indication that the petitioner may have a conviction of a specified offense against a minor as defined in the Adam Walsh Act, the adjudicator must issue an RFE or Notice of Intent to Revoke (NOIR) for all police arrest records and court disposition documents. If the petitioner was an "Ident" based on previous fingerprinting, the adjudicator must obtain a current rap sheet per local procedures instead of scheduling the petitioner for fingerprinting. Otherwise, the adjudicator must schedule the petitioner for fingerprinting in accordance with service center or field office procedures, which will be processed without fee.

### 2) Adjudicative Review of Evidence

If the petitioner fails to respond to the RFE or NOIR, the petition should be denied or revoked accordingly.

If the fingerprint results and the evidence submitted in response to an RFE or NOIR indicate that the petitioner was not convicted of a specified offense against a minor as defined by the Adam Walsh Act, the adjudicator should proceed with the adjudication of the petition in accordance with 8 CFR 204 and other pertinent regulations.

If, after review of the fingerprint results and the evidence submitted in response to the RFE or NOIR, the adjudicator determines that either of the following two instances exists, the adjudicator should forward the file, through appropriate supervisory channels, to local USCIS counsel for review and opinion:

- The adjudicator is unsure whether the petitioner's conviction may be considered a specified offense against a minor, or

- The criminal case against the petitioner is still pending or the disposition of the case is still unknown.

---

[2] As defined by the *Memorandum of Agreement between United States Citizenship and Immigration Services and United States Immigration and Customs Enforcement on the Issuance of Notices to Appear to Aliens Encountered During an Adjudication*, and accompanying policy memorandum entitled, "Disposition of Cases Involving Removable Aliens," July 11, 2006. Immigration and Customs Enforcement may decide to initiate removal proceedings against any lawful permanent resident who is deportable under section 237(a)(2)(A)(v) of the Act (conviction for having failed to register as a sex offender).

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 5

If, after review of the fingerprint results the evidence submitted in response to the RFE or
NOIR, the adjudicator finds that the petitioner has been convicted of a specified offense against a
minor as defined by the Adam Walsh Act, the adjudicator must determine whether the petitioner
poses a risk to the beneficiary, as described below.

### D. Determining "Poses No Risk" to Beneficiary

The critical purpose of section 402 of the Adam Walsh Act is to ensure that an intended
alien beneficiary is not placed at risk of harm from the person seeking to facilitate the alien's
immigration to the United States. USCIS, therefore, may not approve a family-based petition (I-
130 or I-129F) if the petitioner has a conviction for a specified offense against a minor unless
USCIS first determines that the petitioner poses no risk to the beneficiary with respect to whom a
petition was filed. Under section 402 of the Adam Walsh Act, this determination is entrusted to
the discretion of the Secretary, who has the "sole and unreviewable" authority to decide whether
a petitioner poses any risk to the intended beneficiary. USCIS interprets the "poses no risk to the
beneficiary" provision to mean that the petitioner must pose no risk to the safety or well-being of
the beneficiary, which includes the principal beneficiary and any alien derivative beneficiary.
Accordingly, USCIS must determine, prior to the adjudication of the petition itself, whether or
not the petitioner poses any risk to the beneficiary.

#### 1) Adjudicative Review of Evidence

To avoid denial of a petition or the revocation of a prior approval, a petitioner who has
been convicted of a specified offense against a minor must submit evidence of rehabilitation and
any other relevant evidence that clearly demonstrates, beyond any reasonable doubt, that he or
she poses no risk to the safety and well-being of his or her intended beneficiary(ies). The
initially filed petition or response to an RFE or NOIR must include whatever evidence and legal
argument the petitioner wants USCIS to consider in making its risk determination. Examples of
such evidence include, but are not limited to:

- Certified records indicating successful completion of counseling or rehabilitation
  programs;

- Certified evaluations conducted by licensed professionals, such as psychiatrists,
  clinical psychologists, or clinical social workers, which attest to the degree of a
  petitioner's rehabilitation or behavior modification;

- Evidence demonstrating intervening good and exemplary service to the community or
  in the uniformed services;

- Certified copies of police reports and court records relating to the offense (the court
  records must include the original indictment or other charging document, any

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 6

superseding charging document, any pre-sentencing report, and the conviction judgment); and

- News accounts and trial transcripts describing the nature and circumstances surrounding the petitioner's specified offense(s) against a minor and any other criminal, violent, or abusive behavior incidents, arrests, and convictions.

The determination of whether a petitioner's evidence is credible, and the weight and probative value to be given that evidence, shall be within the sole and unreviewable discretion of USCIS.

2) <u>Decision</u>

In determining whether a petitioner poses any risk to his or her intended beneficiary, the adjudicator must consider all known factors that are relevant to determining whether the petitioner poses any risk to the safety and well-being of the beneficiary. Factors that should be considered include, but are not limited to, the following:

- The nature and severity of the petitioner's specified offense(s) against a minor, including all facts and circumstances underlying the offense(s);

- The petitioner's criminal history;

- The nature, severity, and mitigating circumstances of any arrest(s), conviction(s), or history of alcohol or substance abuse, sexual or child abuse, domestic violence, or other violent or criminal behavior that may pose a risk to the safety or well-being of the principal beneficiary or any derivative beneficiary;

- The relationship of the petitioner to the principal beneficiary and any derivative beneficiary;

- The age and, if relevant, the gender of the beneficiary;

- Whether the petitioner and beneficiary will be residing either in the same household or within close proximity to one another; and

- The degree of rehabilitation or behavior modification that may alleviate any risk posed by the petitioner to the beneficiary, evidenced by the successful completion of appropriate counseling or rehabilitation programs and the significant passage of time between incidence of violent, criminal, or abusive behavior and the submission of the petition.

Given the critical purpose of section 402 of the Adam Walsh Act, the adjudicator must automatically presume that risk exists in any case where the intended beneficiary is a child,

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 7

irrespective of the nature and severity of the petitioner's specified offense and other past criminal
acts and irrespective of whether the petitioner and beneficiary will be residing either in the same
household or within close proximity to one another. The burden is upon the petitioner to rebut
and overcome the presumption of risk by providing credible and persuasive evidence of
rehabilitation and any other relevant evidence that proves, beyond any reasonable doubt, that he
or she poses no risk to the intended child beneficiary.

In cases where none of the intended beneficiaries are children, the adjudicator must
closely examine the petitioner's specified offense and other past criminal acts to determine
whether the petitioner poses any risk to the safety or well-being of the adult beneficiary. For
example, past acts of spousal abuse or other acts of violence must certainly be considered. The
fact that a petitioner's past criminal acts may have been perpetrated only against children or that
the petitioner and beneficiary will not be residing either in the same household or within close
proximity to one another may not, in and of themselves, be sufficient to convince USCIS that the
petitioner poses no risk to the adult beneficiary. The burden is upon the petitioner to prove,
beyond any reasonable doubt, that he or she poses no risk to the intended adult beneficiary.

Unless the adjudicator can conclude, based on the evidence, that the petitioner poses no
risk to the beneficiary, the adjudicator must deny the petition and clearly articulate the factual
basis for the determination. If the adjudicator is uncertain as to whether the petitioner poses no
risk to the beneficiary, or if the adjudicator is finding it difficult to articulate the factual basis for
the denial, the adjudicator should consult with his or her supervisor and/or USCIS counsel.

### 3) HQ Clearance of Approval Recommendations

If the adjudicator finds that the petitioner poses no risk to the beneficiary, the adjudicator
must seek the guidance and direction of USCIS Headquarters, Regulations and Product
Management Division, before approving the petition. Adjudicators are prohibited from
exercising favorable discretion in such instances without the consent of USCIS Headquarters.

### E. Administrative Appeals of Denied or Revoked Petitions

Traditionally, the denial or revocation of Form I-130 and Form I-360 (in specified cases)
has been subject to appeal to the Board of Immigration Appeals (BIA).[3]   The denial or
revocation of orphan (Form I-600 and I-600A) and fiancé(e) cases (Form I-129F) may be
appealed to the Administrative Appeals Office (AAO). Until further notice, USCIS will
continue to follow standard practices for notifying a petitioner of the right to appeal a denial or
revocation. To aid in the proper presentation of the appealed denial or revocation, each field
office must advise Headquarters of any notice of appeal filed with the BIA in any case denied or
revoked under section 402 of the Adam Walsh Act. Section 402 of the Adam Walsh Act does
not affect the AAO's jurisdiction in Form I-600, I-600A, and I-129F cases.

---

[3] 8 CFR 1003.1(b)(5).

Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) Under the Adam
Walsh Child Protection and Safety Act of 2006
HQDOMO 70/1-P
Page 8

## 4. <u>Use</u>

This memorandum is intended solely for the guidance of USCIS personnel in performing
their duties relative to the adjudication of applications. It is not intended to, does not, and may
not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by
any individual or other party in removal proceedings, in litigation with the United States, or in
any other form or manner.

## 5. <u>Contact Information</u>

Questions regarding the guidance contained in this memorandum should be directed to
Helen deThomas, Domestic Operations Directorate, through the appropriate supervisory
channels.